SCANNED
DATE: 11/24/04
BY: ___

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**04 - 12469 NG**

| | |
|---|---|
| SUSAN PIMENTEL, as the Administratrix of the ESTATE OF FERNANDO PIMENTEL, Plaintiff, | |
| v. | CIVIL ACTION NO. |
| PULMONETIC SYSTEMS, INC. and SUNBRIDGE HEALTHCARE CORPORATION, Defendants | MAGISTRATE JUDGE MBB |

RECEIPT # 60332
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. FOM
DATE 11/23/04

### NOTICE OF REMOVAL

The defendants, Pulmonetic Systems, Inc. ("Pulmonetic") and SunBridge Healthcare Corporation ("SunBridge"), hereby notice the removal of the following described action from the Bristol Superior Court ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. The defendants respectfully submit the following grounds for removal:

I.

The plaintiff, Susan Pimental as the Administratrix of the Estate of Fernando Pimentel filed suit against the defendants on October 25, 2004, in a suit entitled Susan Pimentel as the Administratrix of the Estate of Fernando Pimentel v. Pulmonetic Systems, Inc. and SunBridge Healthcare Corporation, in Bristol Superior Court (Bristol County), Massachusetts ("State Court action"). A copy of the Complaint ("Complaint") is attached hereto as Exhibit A.

II.

Pulmonetic received a copy of the Complaint and Summons on November 1, 2004, via certified mail. SunBridge received a copy of the Complaint and Summons on November 3, 2004. Neither of the defendants have filed a responsive pleading to the Complaint, and the

31770.1

defendants have not received any other pleadings or orders in the State Court action. To the defendants' knowledge, with the exception of the filing of the Complaint, there have been no further proceedings in the State Court action.

### III.

Pulmonetic received a copy of the Complaint on November 1, 2004. SunBridge received a copy of the Complaint on November 3, 2004. This Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

### IV.

According to the Complaint, the plaintiff is seeking damages for the alleged wrongful death of the decedent. See Exhibit A. The plaintiff also seeks damages from Pulmonetic for alleged violations of Mass. Gen. Laws Chapters 93A. The nature of the allegations are stated in the Complaint, attached hereto as Exhibit A. The defendants deny that they were negligent or violated these statutes. The defendants further state that they have valid defenses to the allegations contained in the Complaint.

### V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

### VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of New Bedford, Massachusetts. Pulmonetic is a Minnesota corporation with a principal place of business in Minnesota. SunBridge is a New Mexico corporation with a principal place of business in New Mexico. The amount in controversy, in the event that the plaintiff were to prevail on her claims, exceeds $75,000, jointly or severally, exclusive of interest and costs.

### VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

### VIII.

Pulmonetic and SunBridge are the only defendants in this matter.

### IX.

A list of counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

### X.

The defendants appear herein by and through their attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

### XI.

Promptly after filing this Notice of Removal of the State Court action, the defendants will give written notice of such filing to the plaintiff and file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendants, Pulmonetic Systems, Inc. and SunBridge Healthcare Corporation pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and

31770.1

determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 22nd day of November 2004.

Respectfully Submitted,

PULMONETIC SYSTEMS, INC.,

By its attorneys,

_____
Maynard M. Kirpalani, BBO# 273949
Christopher P. Flanagan, BBO# 567075
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER
155 Federal Street
Boston, MA 02110
(617) 422-5300

Respectfully Submitted,

SUNBRIDGE HEALTHCARE CORPORATION,
By its attorneys,

_____
K. Scott Griggs, BBO# 555988
Michael Williams, BBO# 634062
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
(617) 439-4990

Dated: November 22, 2004

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 22nd day of November 2004, served a copy of the foregoing upon counsel of record by mailing same postage prepaid.

_____
Christopher P. Flanagan

# EXHIBIT A

31775.1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                   SUPERIOR COURT
                                               C.A. NO.

SUSAN PIMENTEL AS THE            )
ADMINISTRATRIX OF THE ESTATE     )
OF FERNANDO PIMENTEL             )
                                 )
                                 )
VS.                              )
                                 )
                                 )
PULMONETIC SYSTEMS, INC.         )
And SUNBRIDGE HEALTHCARE         )
CORPORATION.                     )

## COUNT ONE

1. The plaintiff, Susan Pimentel, is the Administratrix of the Estate of Fernando Pimentel.

2. The plaintiff-administratrix, Susan Pimentel, is a resident of New Bedford, MA.

3. The defendant, Pulmonetic Systems, Inc. ("Pulmonetic"), is a Minnesota corporation that is qualified to do business in the Commonwealth of Massachusetts.

4. On May 18, 2003, the plaintiff's intestate, Fernando Pimentel, was a patient at the Sun Healthcare Group, Inc., in New Bedford, MA.

5. On May 18, 2003 the plaintiff's intestate's respirator did not function properly causing the intestate to lose his respiratory functions.

6. The proximate cause of the loss of his functions was the defendant, Pulmonetic's, negligence in the design, planning, construction or general administration of their product.

7. As a proximate result of the defendant, Pulmonetic's, negligence, the plaintiff's intestate, Fernando Pimentel, suffered extreme loss of respiratory functions, suffered great pain of body and mind, and he died.

WHEREFORE, the plaintiff demands judgment against the defendant, Pulmonetic, for the conscious pain and suffering of her intestate, Fernando Pimentel, plus costs and interest this Honorable Court deems appropriate.

## COUNT TWO

8. The plaintiff realleges and repeats each and every allegation contained in paragraphs one through seven inclusive.

WHEREFORE, the plaintiff demands judgment against the defendant, Pulmonetic, for the wrongful death of Fernando Pimentel, for the benefit of next of kin.

## COUNT THREE

9. The plaintiff realleges and repeats each and every allegation contained in paragraphs one through seven inclusive.

10. On September 2, 2004 a demand letter, under M.G.L. Ch. 93A, was sent to the defendant.

11. The defendant failed to respond to the plaintiff in writing within thirty days of receipt of this demand letter.

12. The defendant committed an unfair and/or deceptive business or trade practice by manufacturing, designing, distributing and selling a defective respirator.

13. The plaintiff's intestate, Fernando Pimentel's death was the direct and proximate result of the defendant, Pulmonetic's, negligent manufacture, design, distribution and sale and breach of warranty of the said respirator.

WHEREFORE, the plaintiff demands that it be established that the defendant has engaged in unfair and deceptive acts or practices in violation of Massachusetts General laws, Chapter 93A, Section 9, and that the defendant, Pulmonetic, is liable to the plaintiff as follows:

   a. for actual damages;

   b. for double or treble the amount of actual damages due to the defendant, Pulmonetics, bad faith and willful violation of the subject statute; and

   c. for attorney's fees.

## COUNT FOUR

14. The plaintiff realleges and repeats each and every allegation contained in paragraphs one through seven inclusive.

15. The defendant expressly and impliedly warranted that the respirator was merchantable and fit for a particular purpose.

16. The defendant breached its express and implied warranties of merchantability and fitness for a particular purpose by designing, manufacturing, and selling a defective respirator.

17. As a direct and proximate result of the defendant's breach of its express and implied warranties, the plaintiff's intestate died.

WHEREFORE, the plaintiff demands judgment against the defendant, Pulmonetic, for their breach of warranty of merchantability and fitness for a particular purpose, plus interest, costs and any further relief this Honorable Court deems just.

## COUNT FIVE

18. The plaintiff realleges and repeats each and every allegation contained in paragraphs one and two inclusive.

19. The defendant, SunBridge Healthcare Group, formerly d/b/a Mediplex Rehab Hospital ("Mediplex"), is a New Mexico corporation doing business in New Bedford, MA.

20. On May 18, 2003, the plaintiff's intestate, Fernando Pimentel, was a patient at the "Mediplex" in New Bedford, MA.

21. On May 18, 2003 the plaintiff's intestate's respirator did not function properly causing the intestate to lose his respiratory functions.

22. On May 18, 2003 the staff at "Mediplex" acted negligently toward the plaintiff's intestate, Fernando Pimentel.

23. As a proximate result of the negligent care, supervision and inadequate s staffing of the defendant, "Mediplex", the plaintiff's intestate suffered extreme loss of respiratory functions, suffered great pain of body and mind, and he died.

WHEREFORE, the plaintiff demands judgment against the defendant, Mediplex, for the conscious pain and suffering of her intestate, Fernando Pimentel, plus costs and interest this Honorable Court deems appropriate.

## COUNT SIX

24. The plaintiff realleges and repeats each and every allegation contained in paragraphs one through seven inclusive.

WHEREFORE, the plaintiff demands judgment against the defendant, "Mediplex", for the wrongful death of Fernando Pimentel for the benefit of next of kin.

PLAINTIFFS DEMAND A TRIAL BY JURY.

> Respectfully submitted,
> By their attorneys,
> HAMEL, WAXLER, ALLEN & COLLINS, P.C.
>
> _____
> DAVID H. WAXLER, ESQUIRE
> JACQUELINE L. RISCH, ESQUIRE
> JEREMY R. WAXLER, ESQUIRE
> 7 No. Sixth Street, P.O. Box 6000
> New Bedford, Massachusetts 02742
> Telephone (508) 993-8000

# COVER SHEET

**CIVIL ACTION** | Commonwealth of Massachusetts
Superior Court Department
County: Bristol

**PLAINTIFF(S)** Susan Pimentel, As the Administratrix of the Estate of Fernando Pimentel

**DEFENDANT(S)** Pulmonetic Systems, Inc. and SunBridge Healthcare Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** David H. Waxler, Hamel, Waxler, Allen & Collins, 7 No. 6th St.; Box 6000, New Bedford, MA 02742; (508)993-8000.
Board of Bar Overseers number: 518020

**ATTORNEY (If known)** K. Scott Griggs, Esq.; Lawson & Weitzan; 88 Black Falcon Ave, Boston, MA 02110. Maynard M. Kirpalani, Esq.; Wilson, Elser, Moskowitz, Edelman & Dicker; 155 Federal St., Boston, MA 02110.

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $ ........
  2. Total Doctor expenses .............................................. $ ........
  3. Total chiropractic expenses ........................................ $ ........
  4. Total physical therapy expenses ................................... $ ........
  5. Total other expenses (describe) ................................... $ ........
       Subtotal $ ........
B. Documented lost wages and compensation to date ........................ $ ........
C. Documented property damages to date .................................. $ ........
D. Reasonably anticipated future medical and hospital expenses ........... $ ........
E. Reasonably anticipated lost wages ..................................... $ ........
F. Other documented items of damages (describe)
       $ ........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff's intestate Fernando Pimentel died as a result of his injuries.
       $ ........
       TOTAL $ ........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff is seeking recovery for the wrongful death of her intestate Fernando Pimentel and his next of kin as a result of the negligence of the defendants. It is my expressed opinion that recovery will exceed $25,000.00.

       TOTAL $ ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    David H. Waxler, Esquire    DATE: 10/22/04

AOTC-6 mtc005-11.99
A.O.S.C. 1-2000

EXHIBIT B
ALL COUNSEL OF RECORD

1. COUNSEL FOR PLAINTIFF:

   David H. Waxler, BBO# 518020
   Hamel, Waxler, Allen & Collins, P.C.
   7 Sixth Street, P.O. Box 6000
   New Bedford, MA 02742
   (508) 993-8000

2. COUNSEL FOR DEFENDANT, PULMONETIC SYSTEMS, INC.:

   Maynard M. Kirpalani, BBO# 273940
   Christopher P. Flanagan, BBO# 567075
   Wilson, Elser, Moskowitz, Edelman & Dicker LLP
   155 Federal Street
   Boston, MA 02110
   (617) 422-5300

   COUNSEL FOR DEFENDANT, SUNBRIDGE HEALTHCARE CORPORATION:

   K. Scott Griggs, BBO# 555988
   Michael Williams, BBO# 634062
   Lawson & Weitzen, LLP
   88 Black Falcon Avenue, Suite 345
   Boston, MA 02210-1736
   (617) 439-4990

31775.1

EXHIBIT C
MATTERS FILED WITH NOTICE OF REMOVAL

1. Plaintiff's Complaint.

31776.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Susan Pimentel, as Administratrix of the Estate of Fernando Pimentel v. Pulmonetic Systems, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 540, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not Applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO [XX]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO [XX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO [XX]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO [XX]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   Not Applicable
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO [XX]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Christopher P. Flanagan, Wilson, Elser, Moskowitz, Edelman & Dicker LLP
ADDRESS   155 Federal Street, Boston, MA 02110
TELEPHONE NO.   617-422-5300

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Susan Pimental, as Administratrix of the Estate of Fernando Pimentel

**DEFENDANTS**
PULMONETIC SYSTEMS, INC.
SUNBRIDGE HEALTHCARE CORPORATION

**(b)** County of Residence of First Listed Plaintiff  BRISTOL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  MINNESOTA AND NEW MEXICO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

David H. Waxler, Hamel, Waxler, Allen & Collins, P.C.
7 Sixth Street, New Bedford, MA 02742

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) 1) Christopher P. Flanagan
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, Boston, MA 02110
2) K. Scott Griggs - Lawson & Weitzen, LLP
88 Falcon Avenue, Boston, MA 02210

04 12469 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 DIVERSITY

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE 11/22/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____