## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SUSAN PIMENTEL as the Administratrix of the ESTATE OF FERNANDO PIMENTEL,

    *Plaintiffs,*

*v.*

SUNBRIDGE HEALTHCARE CORPORATION,

    *Defendant/Cross-Claim Plaintiff,*

*v.*

PULMONETIC SYSTEMS, INC.,

    *Defendant/Cross-Claim Defendant.*

CIVIL ACTION NO. _04- 12469ng_

### ANSWER and CROSS-CLAIM of SUNBRIDGE HEALTHCARE CORPORATION

    Now comes the Defendant, SunBridge Healthcare Corporation ("SunBridge") and responds to the allegations of the Plaintiff's Complaint as follows:

### COUNT I

1.    The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.    The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.    The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.    The Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.    The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.     The Defendant is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.     The Defendant is without sufficient knowledge or information or information at this time to either admit or deny the allegations in Paragraph 7 of the Complaint.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

## COUNT II

8.     The Defendant repeats and restates its answers to Paragraphs 1-7 as if fully stated herein.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

## COUNT III

9.     The Defendant repeats and restates its answers to Paragraphs 1-8 as if fully stated herein.

10.     The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10.

11.     The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11.

12.     The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12.

13.     The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

## COUNT FOUR

14.    The Defendant repeats and restates its answers to Paragraphs 1-13 as if fully stated herein.

15.    The Defendant is without sufficient knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15.

16.    The Defendant is without sufficient knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16.

17.    The Defendant is without sufficient knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

## COUNT FIVE

18.    The Defendant repeats and restates its answers to Paragraphs 1-17 as if fully stated herein.

19.    The Defendant admits that SunBridge Healthcare Corporation is a New Mexico corporation that does business in Massachusetts, but denies the remainder of the allegations as stated.

20.    The Defendant admits that on May 18, 2003, Fernando Pimentel was a patient of Mediplex Rehabilitation Hospital - Bristol, but denies the remainder of the allegations as stated.

3

21.     The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21.

22.     The Defendant denies the allegations contained in Paragraph 22.

23.     The Defendant denies the allegations contained in Paragraph 23.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

<u>**COUNT SIX**</u>

24.     The Defendant repeats and restates its answers to Paragraphs 1-23 as if fully stated herein.

WHEREFORE, the Defendant SunBridge Healthcare Corporation respectfully requests that this Honorable Court dismiss the action against it.

**<u>AFFIRMATIVE DEFENSES</u>**

FIRST AFFIRMATIVE DEFENSE

If Fernando Pimentel (the "Plaintiff") suffered the injuries or damages alleged, such injuries or damages were caused, in whole or in part, by someone for whose conduct SunBridge was not and is not legally responsible.

SECOND AFFIRMATIVE DEFENSE

Pursuant to Mass.Gen.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial injury.

THIRD AFFIRMATIVE DEFENSE

4

The amount of recovery for alleged conscious pain and suffering, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60H.

### FOURTH AFFIRMATIVE DEFENSE

The amount of recovery for past and future medical expenses, if any, is limited by the provision set forth in Mass.Gen.L. c. 231, §60G.

### FIFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case constitutes a violation of the Eighth and Fourteenth Amendments to the United States Constitution and Part 1, Article XII of the Declaration of Rights for the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

The claims contained in the Complaint are barred, in whole or in part, by the doctrine of comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all care provided to the Plaintiff was performed in accordance with the applicable standards, Massachusetts Statutes, the Code of Massachusetts Regulations and applicable federal regulations.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against SunBridge because her conduct, considered alone or in conjunction with others over whom SunBridge has no control, are the sole proximate cause of the alleged injuries.

## CROSS-CLAIM of SUNBRIDGE for INDEMNIFICATION or CONTRIBUTION by PULMONETIC

25.    The Plaintiff in Cross-Claim is SunBridge Healthcare Corporation.

26.    The Defendant in Cross-Claim is Pulmonetic Systems, Inc. is a Minnesota corporation that is authorized to do business in the Commonwealth of Massachusetts.

27.    To the extent that the respirator supplied to SunBridge by Pulmonetic caused Fernando Pimentel to lose his respiratory functions, this injury was the result of a hidden defect in the design of the product supplied to SunBridge by Pulmonetic.

28.    In addition to the defective design of the respirator, Pulmonetic supplied SunBridge with a manual for the use and operation of the respirator, which contained erroneous information that contributed to its failure.

29.    The respirator in question was serviced by Pulmonetic on May 2, 2003. Mr. Pimentel's use of the respirator began on May 15, 2003, its first use since the May 2, 2003 servicing.  Any deficiency in the condition of the respirator was the result of Pulmonetic's failure to properly service the respirator, and/or failure to recognize any deficiencies, and/or negligence in servicing the respirator.

WHEREFORE, the Defendant/Cross-Claim Plaintiff, SunBridge, demands judgment against Defendant/Cross-Claim Defendant Pulmonetic for indemnification or contribution for any award of damages against SunBridge in this matter pursuant to M.G.L. Chapter 231B.

## JURY DEMAND

Defendant SunBridge Healthcare Corporation demands a jury trial on all issues so triable.

Respectfully submitted,
SunBridge Healthcare Corporation,
By its attorneys,

K. Scott Griggs        (BBO No. 555988)
Robert J. Roughsedge (BBO No. 638180)
Michael Williams     (BBO No. 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

DATED: November 23, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of
the above document was served
upon the attorney of record for each
other party by mail.

Date: 11/23/04