UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SUSAN PIMENTEL, as the Administratrix of the
ESTATE OF FERNANDO PIMENTEL,
Plaintiff,

v.

CIVIL ACTION NO. 04-12469-NG

PULMONETIC SYSTEMS, INC. and
SUNBRIDGE HEALTHCARE CORPORATION,
Defendants

### ANSWER, CROSS-CLAIM AND JURY DEMAND
### OF DEFENDANT, PULMONETIC SYSTEMS, INC.

#### COUNT ONE

1. The defendant lacks sufficient information with which to admit or deny the truth of the allegations contained in paragraph 1 of the Complaint and calls upon the plaintiff to prove the same.

2. The defendant lacks sufficient information with which to admit or deny the truth of the allegations contained in paragraph 2 of the Complaint and calls upon the plaintiff to prove the same.

3. The defendant admits that it is a Minnesota corporation with a principal place of business in Minnesota. The defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. The defendant lacks sufficient information with which to admit or deny the truth of the allegations contained in paragraph 4 of the Complaint and calls upon the plaintiff to prove the same.

5. The defendant denies the allegations contained in paragraph 5 of the Complaint.

31892.1

6. The defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The defendant denies the allegations contained in paragraph 7 of the Complaint.

## COUNT TWO

8. The defendant repeats and incorporates by referenced herein, its answers to the preceding paragraphs of the Complaint.

## COUNT THREE

9. The defendant repeats and incorporates by referenced herein, its answers to the preceding paragraphs of the Complaint.

10. The defendant denies the allegations contained in paragraph 10 of the Complaint.

11. The defendant denies the allegations contained in paragraph 11 of the Complaint.

12. The defendant denies the allegations contained in paragraph 12 of the Complaint.

13. The defendant denies the allegations contained in paragraph 13 of the Complaint.

## COUNT FOUR

14. The defendant repeats and incorporates by referenced herein, its answers to the preceding paragraphs of the Complaint.

15. The defendant denies the allegations contained in paragraph 15 of the Complaint.

16. The defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The defendant denies the allegations contained in paragraph 17 of the Complaint.

## COUNT FIVE

18. The defendant repeats and incorporates by referenced herein, its answers to the preceding paragraphs of the Complaint.

19. The defendant declines to respond to paragraph 19 of the Complaint, as the allegations contained therein are directed to a party other than the defendant, and therefore, no response is required of this defendant.

31892.1

20. The defendant declines to respond to paragraph 20 of the Complaint, as the allegations contained therein are directed to a party other than the defendant, and therefore, no response is required of this defendant.

21. The defendant declines to respond to paragraph 21 of the Complaint, as the allegations contained therein are directed to a party other than the defendant, and therefore, no response is required of this defendant. To the extent that this paragraph contains factual allegations that require a response of this defendant, the defendant denies the same.

22. The defendant declines to respond to paragraph 22 of the Complaint, as the allegations contained therein are directed to a party other than the defendant, and therefore, no response is required of this defendant.

23. The defendant declines to respond to paragraph 23 of the Complaint, as the allegations contained therein are directed to a party other than the defendant, and therefore, no response is required of this defendant.

## COUNT SIX

24. The defendant repeats and incorporates by referenced herein, its answers to the preceding paragraphs of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant states that no notice of any alleged breach of warranty was given to the defendant, as required by law, and the defendant was thereby prejudiced.

### SECOND AFFIRMATIVE DEFENSE

31892.1

And further answering, the defendant states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and, therefore, the plaintiff is barred from recovery.

**THIRD AFFIRMATIVE DEFENSE**

And further answering, the defendant states that it is not liable for breach of implied warranty of merchantability, since any product sold by the defendant was fit for the ordinary purpose for which said product was used.

**FOURTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that any product it sold was fit for its particular purpose and, therefore, the plaintiff is barred from recovery.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that it did not breach any express warranties of any kind to any person and/or entity through whom the plaintiff is entitled to claim.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the Complaint must be dismissed because it fails to state a claim upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that its conduct was not the proximate cause of any damage allegedly sustained by the plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that if the plaintiff sustained damages as alleged, which the defendant denies, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that federal law, with which the defendant complied, preempts state tort law, and therefore, the plaintiff is barred from recovery.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, to the extent that the plaintiff suffered any damages, it was a result of a superseding and or intervening cause for which the defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the product was prescribed and used by a learned intermediary who was adequately informed as to the manner of use of the product and of any risks attendant to the use of the product.

**TWELFTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff's claims are barred because the plaintiff has not been damaged as a result of any acts or omissions of the defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff has failed to comply with the demand requirements of Mass. Gen. Laws Chapter 93A, § 9, and therefore, the plaintiff is barred from recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff's claims for violation of Mass. Gen. Laws Chapter 93A are barred as any injury or damage was not caused by any alleged unfair deceptive act or practice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

31892.1

And further answering, the defendant states that the plaintiff's claims for violation of Mass. Gen. Laws Chapter 93A are barred as the plaintiff's pleadings improperly fail to provide sufficient notice regarding the totality of the plaintiff's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claims are barred due to the failure to mitigate damages.

**WHEREFORE**, the defendant, Pulmonetic Systems, Inc. demands that the plaintiff's Complaint be dismissed, and it be awarded attorney's fees and costs.

### CROSS-CLAIM AGAINST SUNBRIDGE HEALTHCARE CORPORATION

### COUNT I

1. The defendant, Pulmonetic Systems, Inc. ("Pulmonetic") says that it is not responsible for any damages allegedly sustained by the plaintiff.

2. If Pulmonetic is found liable for the damages allegedly sustained by the plaintiff, such liability is merely derivative or vicarious of the liability of the defendant, SunBridge Healthcare Corporation ("SunBridge"), and Pulmonetic is therefore entitled to indemnity from SunBridge.

**WHEREFORE**, the defendant, Pulmonetic Systems, Inc. demands judgment against the defendant, SunBridge Healthcare Corporation in the amount of any damages or judgment, which the plaintiff might recover against it, or an equitable share thereof, plus interest, costs and attorney's fees.

### COUNT II

3. Pulmonetic repeats and incorporates by reference herein, paragraphs one through two of this cross-claim.

4. Pulmonetic states that if it is established that the plaintiff is entitled to recover for her alleged damages, which Pulmonetic denies, then SunBridge is liable for all or part of the plaintiff's claim against Pulmonetic due to the negligence of SunBridge.

5. Under the laws of this Commonwealth, including, but not limited to, Massachusetts General Laws, Chapter 231B and all acts amendatory thereof, the defendant, Pulmonetic is entitled to contribution and indemnification from the defendant, SunBridge.

**WHEREFORE**, the defendant, Pulmonetic Systems, Inc. demands judgment against the defendant, SunBridge Healthcare Corporation in the amount of any damages or judgment, which the plaintiff might recover against it, or an equitable share thereof, plus interest, costs and attorney's fees.

### JURY DEMAND

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

PULMONETIC SYSTEMS, INC.,

By its attorneys,

Maynard M. Kirpalani, BBO# 273949
Christopher P. Flanagan, BBO# 567075
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER
155 Federal Street
Boston, MA 02110
Dated: November 26, 2004    (617) 422-5300

### CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 26th day of November 2004, served a copy of the foregoing upon counsel of record by mailing same postage prepaid.

Christopher P. Flanagan

31892.1